UNITED STATES v. ZURICALDY et al.

(Circuit Court, S. D. New York. February 10, 1896.)

No. 1,403.

CUSTOMS DUTIES—VALUATION BY CONSUL—CONCLUSIVENESS.

The unauthorized act of a United States consul in adding to the invoiced value of goods the amount of ocean freights is not conclusive upon the importer, and he is entitled to have the valuation corrected, even though the appraiser has in a pro forma manner approved the invoice by marking it "correct." Robertson v. Bradbury, 10 Sup. Ct. 158, 132 U. S. 491, applied.

Appeal on behalf of the United States from a decision of the board of general appraisers which reversed the action of the collector in assessing duty upon the merchandise in question.

Henry D. Sedgwick, Jr., Asst. U. S. Atty.

Robert Weil, for importers.

COXE, District Judge (orally). The only question involved in this appeal is whether or not the action of the United States consul at Malaga, Spain, is final and conclusive as to the invoiced value of the goods. There is no dispute, as I understand the facts, that the consul at that point added to the value of the goods the amount of ocean freights, which was stated on the invoice presented to him in English money. The importers protested against his action at the time and continue to do so. The difficulty arising at this port is due entirely to the fact that the consul increased the value of the goods by this amount. I understand it to be conceded upon all sides that his action in this regard was unauthorized. The evidence before the board of general appraisers and all the evidence in the case shows that the true invoiced value of the goods was increased by the addition of the ocean freights thereon. This being so, the case of Robertson v. Bradbury, 132 U. S. 491, 10 Sup. Ct. 158, is controlling of the present issue. The court holds that the action of the consul is not conclusive, and it is still open for the importers to show that the consul has acted in a wholly illegal and arbitrary manner. The case is also authority for the proposition that the importer may recover even though the appraiser approves the invoice in a pro forma manner by marking it "correct." Notwithstanding this, the importer may show that there has been included in the value an item which under no theory of law the consul was authorized to include. The decision of the board of general appraisers is correct and should be affirmed.