### GILLESPIE et al. v. UNITED STATES.

(Circuit Court, S. D. New York. May 24, 1900.)

No. 2,636.

1. CUSTOMS DUTIES—INVOICE VALUE—CLERICAL ERROR.

    The importers of certain sugar in hogsheads made entry on an invoice which included by mistake the value of the hogsheads in that of the sugar, but before the entry was liquidated they produced a corrected invoice, showing the proper deduction for the hogsheads. *Held*, that it was not, under the circumstances, necessary for the importers to make entry on a pro forma invoice, and give a bond for the production of a corrected invoice, in the method prescribed in section 4, customs administrative act of June 10, 1890, 26 Stat. 131 (U. S. Comp. St. 1901, p. 1888), and that the collector should have made allowance for the hogsheads.

Appeal by Gillespie Bros., importers, from a decision (G. A. 3966) of the Board of General Appraisers, which affirmed the assessment of duty by the collector of customs on certain merchandise imported at the port of New York.

    The importers filed a protest against the decision of the collector, contending that there was a manifest clerical error in the invoice, which they were entitled to have corrected. The board overruled the protest, stating in the opinion:

    "It would seem that the remedy of the importers, if any they had, was to make an entry upon a pro forma invoice, and not on the invoice claimed to be imperfect, and at the same time to offer to give a bond to the collector for the production of a duly certified or corrected invoice, pursuant to the provisions of section 4 of the customs administrative act of June 10, 1890, 26 Stat. 131 (U. S. Comp. St. 1901, p. 1888). This they neglected to do, and the results of their negligence must naturally be visited upon them.

    "In Roebling v. U. S. (C. C.) 77 Fed. 601, it was held that where an invoice showed the value of the merchandise, and at the same time that some item.

nondutiable, may have been included in the price, but failed to show the amount of such nondutiable item which could lawfully be deducted, the subsequent production of a corrected invoice would not entitle the importer to relief on the ground that a clerical error had been committed on the original invoice. This case is distinguishable from U. S. v. Zuricaldy (C. C.) 71 Fed. 955, which involved the deduction of a nondutiable item of ocean freight, which was stated on the invoice presented to the collector upon the making of the entry, in accordance with the provisions of sections 3 and 5 of the customs administrative act of June 10, 1890, 26 Stat. 131, 132 (U. S. Comp. St. 1901, pp. 1887, 1889), which require that all charges or items, which are proposed to be deducted from the invoice value as nondutiable shall be specified on the invoice. Note In re Kelly, G. A. 1198.

"There is, in our opinion, no such manifest clerical error as can be corrected by the board, under the facts of the case, in the manner suggested."

W. Wickham Smith, for importers.

D. Frank Lloyd, Asst. U. S. Atty.

TOWNSEND, District Judge. The protestants in this case imported a certain quantity of sugar in American hogsheads, and by mistake put in the price of the hogsheads as part of the price of the sugar on which the duty was to be assessed. Immediately upon entry of the goods the agent of the importers made the necessary deduction for the hogsheads, and pointed it out to the collector, who assented to the correction; but the naval office afterward refused to allow the correction to be made. Before the entry was liquidated the importers cabled over and got a new, corrected invoice, and asked the collector to make the proper allowance, which he refused to do, alleging as a reason that section 7 of the customs administrative act of June 10, 1890, 26 Stat. 134 (U. S. Comp. St. 1901, p. 1892), provides that "the duty shall not, however, be assessed in any case upon an amount less than the invoice or entered value." It is admitted in this case that the United States has taken money by mistake to which it was not entitled. It appears that the error was seasonably brought to the attention of the collector while the case was still pending before him. The case is clearly within the rule laid down in U. S. v. Benjamin (C. C.) 72 Fed. 51, and U. S. v. Zuricaldy (C. C.) 71 Fed. 955.

The decision of the Board of General Appraisers is reversed.